## (July 30, 1979)

■ GAIL C. CAMPBELL, Appellant, v WALTER B. CAMPBELL, Respondent.— In an action, *inter alia,* to declare plaintiff to be entitled to the sum of $23,569.39 from an escrow fund consisting of the remaining net proceeds of the sale of the parties' marital home, plaintiff appeals from an order of the Supreme Court, Rockland County, entered November 24, 1978, which denied her motion, *inter alia,* for summary judgment. Order modified, on the law, by adding thereto, immediately after the provision denying plaintiff's motion for summary judgment, the following: "except that the motion for summary judgment is granted as to plaintiff's application to recover the sum of $15,383.64, representing one half of the net proceeds of the sale of the marital home." As so modified, order affirmed, without costs or disbursements. Execution of the judgment is stayed pending the resolution of plaintiff's remaining claims and defendant's counterclaim, which shall be tried forthwith. We agree with Special Term that this case presents issues of fact which must await resolution by plenary trial. However, as we view this record, those questions of fact relate either to plaintiff's claim for reimburse-

ment of certain alleged expenditures to maintain the property, or to defendant's counterclaim. We see no factual issue relevant to plaintiff's claim for one half the net proceeds of the sale of the marital home. Defendant admits that at the time the home was sold, each of the parties had a one-half interest therein. Inasmuch as the defendant has failed to set forth any defense which would prevent plaintiff from recovering her one-half share of the net proceeds, we see no reason to require plaintiff to go to trial on this portion of her claim. We note, however, that the escrow fund from which the parties seek to recover their respective claims may prove insufficient for this purpose. In order to avoid any possible prejudice to defendant, execution of the judgment must be stayed pending resolution of the remaining issues in the case. Damiani, J. P., Cohalan, Margett and Martuscello, JJ., concur.